UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00650-RSE

**ELAINA BANKS**                                                                                        **PLAINTIFF**

**VS.**

**LELAND DUDEK**                                                                                        **DEFENDANT**
*Commissioner of Social Security*[1]

## MEMORANDUM OPINION AND ORDER

The matter is before the Court on a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 filed by counsel for Plaintiff, Julie Atkins ("Atkins"). (DN 19). Defendant, the Commissioner of Social Security (the "Commissioner"), filed a response. (DN 22). Atkins filed a reply. (DN 23). The Parties consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 9).

### I. Background

On December 12, 2023, Atkins filed a Complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (DN 1). The Commissioner filed a Joint Motion to Remand on July 1, 2024 (DN 16), which the Court granted the next day. (DN 17). The Court entered judgment in Plaintiff's favor and remanded the case to

---

[1] Leland Dudek became the Commisoner of Social Security on February 19, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is substituted for Kilolo Kijakazi as Defendant in this case.

the Agency for further proceedings as authorized by 42 U.S.C. § 405(g). (DN 18).

On September 30, 2024, Atkins filed the instant Motion for Attorney Fees pursuant to the EAJA, 28 U.S.C. § 2412, seeking attorney's fees in the amount of $9,420.00. (DN 19). Specifically, she requested $8,330.00 for 59.5 hours of attorney work and $1,090.00 for 10.9 hours of paralegal work.[2] (DN 19-1, at PageID # 5936). Atkins submitted a copy of the Affirmation and Waiver of Direct Payment of EAJA Fees. (DN 19-5). The Waiver, signed by Plaintiff, provided in relevant part as follows:

> If my case is remanded by the Federal Court, either by stipulation or order, my attorney may file for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). I understand that the EAJA fees are paid by the Federal Government and do not come from any back benefits owed to me by the Social Security Administration.
>
> I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney.

(DN 19-5). Atkins provided itemized timesheets of attorney and paralegal time expended in support of Plaintiff's federal case, which listed 70.4 hours total hours expended. (DNs 19-2, 19-3, 19-4). Atkins affirmed that any clerical time captured by the firm's management system was "zeroed out." (DN 19-1, at PageID # 5936). Atkins asserted that Plaintiff satisfied the necessary elements to receive EAJA fees because she prevailed when the District Court remanded the case under sentence four of 42 U.S.C. § 405(g), the Commissioner's position was not substantially justified, her net worth did not exceed two million dollars, and judgment was entered and has not been appealed. (DN 19-6, at PageID # 5950-51 (citing 28 U.S.C. § 2412)).

The Commissioner filed a response. (DN 22). While the Commissioner supports an award of EAJA fees at the hourly rate Atkins requested, it argues the number of hours Atkins requests is

---

[2] In other words, Atkins requests an hourly rate of $140.00 for attorney work and $100.00 for paralegal work.

unreasonable as it "vastly exceed[s] the norm for district court work, and [is] excessive as applies to specific tasks billed." (DN 22, at PageID # 5960). Additionally, it argues that the billed paralegal time includes clerical work. (*Id*.). The Commissioner requests that the Court reduce the 59.5 hours of attorney time to 31.1 hours, and the 10.9 hours of paralegal time to 4.1 hours. (*Id*.). This would result in an EAJA attorney fees award amount of $4,764.00.

Atkins replied that the length of the record merits the hours she reports and that the cases the Commissioner cites are distinguishable from the case at hand. (DN 23). Further, Atkins argues that the paralegal hours billed are not clerical. (DN 23, at PageID # 5974-75). She also requests an additional 4.1 hours for drafting the reply, bringing the total EAJA amount requested to $9,994.00. (DN 23, at PageID # 5976).

## II. Standard

Under 28 U.S.C. § 2412, an award of "reasonable" attorney fees is available in Social Security cases when the plaintiff prevails, the Commissioner's opposing position was without substantial justification, and there are no special circumstances that warrant denial of fees. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014); *see* 28 U.S.C. § 2412(b), (d)(2)(A).

Plaintiff, as the fee applicant, bears the burden of demonstrating that the hours expended are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A fee applicant "should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id*. at 437. A plaintiff does not have any burden of proof regarding the "not substantially justified" element, however, but the Commissioner bears the burden of establishing that its position *was* substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 416 (2004). Ultimately, "the district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. at 437.

III. Analysis

Here, Plaintiff is a prevailing party because this Court remanded the ALJ's decision under sentence four of 42 U.S.C. § 405(g). (DNs 17, 18; *see Shalala v. Schaefer*, 509 U.S. 292 (1993) (when the District Court remands a case under sentence four of 42 U.S.C. § 405(g), the plaintiff has prevailed)). Because the Commissioner does not oppose the application for fees, it has not met its burden of showing that its position was substantially justified. *See Scarborough*, 541 U.S. 401. Parties agree that an award of EAJA fees is appropriate, and the Commissioner does not contest Atkins' requested $140.00 hourly rate for the attorney time expended on this case, nor the paralegal rate of $100.00 per hour. (*See* DN 19, at PageID # 5935-36 (citing *Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1099 (6th Cir. 2016), *Stephens v. Berryhill*, 16-cv-205, 2018 WL 912611, at *4 (W.D. Ky. Feb. 15, 2018)); DN 22, at PageID # 5960). The only contested issue, therefore, is whether the number of hours reportedly worked is reasonable.

This Court previously noted that a "typical itemization of hours by attorneys in Social Security cases [on this Court's docket] may range from 10 to as much as 40 hours or more, on complex cases." *Raven L. v. Kijakazi*, 19-CV-180, 2022 WL 18636049, at *2 (W.D. Ky. July 29, 2022) (*citing Candelaria v. Comm'r of Soc. Sec.*, 17-CV-16, 2020 WL 4728773, at *3 (W.D. Ky. Aug. 14, 2020)). The Sixth Circuit also indicated that 20 hours to 40 hours is the normal range of time spent on most Social Security cases, but "[t]he relevant question is not what is required in *most* social security cases, but what did *this* case require." *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 20 (6th Cir. 1987) (emphasis in original) ("the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most such cases"); *see Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) (quoting district

court order stating "the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours").

Here, the administrative record was 5,870 pages long. (DN 8). Atkins wrote a 13-page brief, two pages of which were the cover sheet, arguing that "the ALJ erred by relying solely on his own lay interpretation of raw medical data in reaching his physical [Residual Functional Capacity] finding." (DN 13-1, at PageID # 5907). The resulting joint motion to remand (DN 16) led to the Court's order granting the motion and judgment in favor of the Plaintiff. (DNs 17, 18). Atkins represents that she spent 59.5 hours working on the case and paralegals spent 10.9 hours working on the case, for a total of 70.4 hours reportedly worked.[3] (DNs 19-2, 19-3, 19-4). The Commissioner requests that the Court reduce Atkins' compensable hours to a total of 35.2 hours: 31.1 for attorney hours worked and 4.1 for paralegal hours worked. (DN 22, at PageID # 5966).

A. Attorney Time

The Commissioner argues that the brevity of court litigation does not support the number of hours Atkins reportedly worked. (DN 22, at PageID # 5962). For example, because the joint motion to remand was filed after Plaintiff filed her brief, Atkins did not review a brief by the Commissioner, draft a reply brief, or participate in oral arguments. (DN 22, at PageID # 5962). The Commissioner cites to other courts within the Sixth Circuit that found that, "if the litigation did not include reviewing a brief from Defendant, preparing a reply brief, preparing for oral argument, or other significant merits litigation," billed hours exceeding 30 hours to 40 hours should be reduced. (DN 22, at PageID # 5962 (citing *Cashmer v. Kijakazi*, 21-CV-13, 2022 WL 1039778, at *3 (E.D. Ky. Apr. 6, 2022) (reducing 40 hours to 30 hours in a case with a "voluminous record" because there was no reply brief and the issues were not complex or unusual); *Smith v.*

---

[3] This calculation does not include the 4.1 hours Atkins spent drafting the reply to the response. (DN 23).

*Comm'r of Soc. Sec.*, 14-CV-2571, 2015 WL 7774549, at *3 (N.D. Ohio Nov. 9, 2015) *adopted in* 2015 WL 7779222 (N.D. Ohio Dec. 2, 2015) (reducing attorney time from approximately 40 hours to 30 hours); *Plotecher v. Comm'r of Soc. Sec.*, 18-CV-10, 2019 WL 13213051, at *3 (W.D. Mich. Oct. 1, 2019) (reducing 50.45 hours to 38.7 hours, in part, because there was no oral argument or supplemental briefing))).

The Commissioner argues that Atkins spent too much time reviewing the administrative record and taking notes on it. (DN 22, at PageID # 5962-63). While the Commissioner admits the administrative record was "quite large" in this case, the Commissioner argues that Atkins should not have taken 48.4 hours review and take notes on it because Atkins' firm "represented Plaintiff since the Appeals Council level." (DN 22, at PageID # 5962-63 (citing, e.g., *Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1032 (E.D. Mich. 2018); *Vandenboom v. Comm'r of Soc. Sec.*, 21-CV-575, 2022 WL 18587036, at *1 (W.D. Mich. Apr. 27, 2022)). Further, the Commissioner asserts that the medical record, while large, consisted mostly of lengthy and duplicated records, much of which were irrelevant to Plaintiff's argument on appeal. (DN 22, at PageID # 5964 (citing Tr. 1196-1887 (duplicative of Tr. 504-1195); Tr. 4365-5327 (963 pages documenting a brief hospitalization in May 2023 for a knee infection and consisting of nearly 300 pages of "orders" for medications and testing and over 500 pages of nursing notes, medication administration records, problem lists, forms, vital signs, pain scales, and systems assessments); Tr. 5556-5705 (duplicative of Tr. 5406-5555)). Thus, the Commissioner argues that the court should "eliminate 28.4 hours from the total 48.4 hours billed just to review and take notes on the administrative transcript," resulting in 20 hours acknowledged for that task and 31.1 hours total for Atkins' attorney time spent on the case, as the Commissioner does not seek a reduction in any other attorney time allotments. (DN 22, at PageID # 5966).

Atkins replies that the 20 hour to 40 hour range for time spent on a Social Security case is an average range that was seen when administrative records were "commonly 400-500 pages long with 800-page outliers" and when only relevant records were required to be submitted for review. (DN 23, at PageID # 5969 (citing *Fryar v. Saul*, 19-CV-198, 2021 WL 769664, at *4 (E.D.N.C. Feb. 26, 2021) (finding that 30.8 hours to review an administrative record over 3,000 pages long and draft a facts section is reasonable)). Atkins notes that, here, *all* records were submitted for review and the administrative record was 5,870-pages long, "nearly 12 times larger than the records common when this 20-40-hour average time was developed and more than 7 times larger than the 'large' records of that time period." (DN 23, at PageID # 5969).

Atkins argues that the Commissioner's alleged insistence that "attorneys unethically skim the record" could lead to attorneys "missing viable arguments." (*Id.*). Atkins presents an argument based on "the science of reading," putting forth reading speed statistics to argue that the time she spent reading was reasonable. (DN 23, at PageID # 5971). She asserts that the citations to the record came from several different portions deep within the record, which "demonstrates the necessity of thorough review of the entire record as there is no way to know that records are duplicated in the [administrative record] or irrelevant to the arguments considered until review has begun." (DN 23, at PageID # 5972).

Atkins distinguishes her case from those where the administrative record was much shorter and the attorney "represented the client from start to finish." (DN 23, at PageID # 5969 (citations omitted)). Here, although the case was received by her firm at the Appeals Council level, the briefs were "written by law students . . . and reviewed by an attorney who does not work in the federal court department [of the firm.]" (DN 23, at PageID # 5970). As a result, Atkins argues, she "did not gain any significant background of the issues that would occur with any significant record

7

review at the Appeals Council level or upon receipt of the case from the hearing level representation." (*Id.*). She further notes that Appeals Council briefs do not contain a statement of facts or discuss the record in detail, so representing a claimant before the Appeals Council "does not prepare an attorney to draft a federal court brief." (DN 23, at PageID # 5970). In fact, the administrative record for the District Court case is not filed until after the complaint has been filed, so "anything received prior to that point has a higher likelihood of missing official records and may contain information that is not relevant on appeal." (DN 23, at PageID # 5970).

The 70.4 hours spent working on Plaintiff's case, 59.5 hours of which were credited as attorney work, are clearly outside of the normal number of hours spent on a typical case in this district. *See, e.g., Raven L. v. Kijakazi*, 19-CV-180, 2022 WL 18636049, at *2 (W.D. Ky. July 29, 2022) (*citing Candelaria v. Comm'r of Soc. Sec.*, 17-CV-16, 2020 WL 4728773, at *3 (W.D. Ky. Aug. 14, 2020) (noting that a typical itemization of hours by attorneys in Social Security cases may range from 10 hours to 40 hours, but it may be higher on complex cases)). The hours Atkins spent on tasks other than reviewing the record indicate no cause for concern. However, the 48.4 hours spent reviewing the record and taking notes on it far exceed the normal range.

As Atkins and the Commissioner agree, the record in this case is "quite large." (DN 22, at PageID # 5964; DN 23, at PageID # 5969). While Atkins' firm represented Plaintiff at the Appeals Council level, Atkins showed good reason why she did not rely on that work as the record was incomplete and those who worked on the case at that stage were not in the federal court department of the firm. Still, the record contained many duplicate and inapplicable medical records. Although Counsel should be thorough in her review of the record, discerning a duplicated and/or inapplicable record surely takes less time than Atkins suggests. The Court finds that the length of the administrative record may support a longer review than normal, but not to the extent that Atkins

alleges. Because the relevant question is "what did *this* case require," the Court now turns to the issue of whether the case at hand was complex. *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 20 (6th Cir. 1987); *see Raven L. v. Kijakazi*, 19-CV-180, 2022 WL 18636049, at *2 (W.D. Ky. July 29, 2022) (*citing Candelaria v. Comm'r of Soc. Sec.*, 17-CV-16, 2020 WL 4728773, at *3 (W.D. Ky. Aug. 14, 2020) (holding that attorney work could exceed 40 hours on complex cases).

The Commissioner argues that the issue raised was neither novel nor complex because Plaintiff's sole argument, that the ALJ relied on "his lay interpretation of raw medical data in reaching his physical RFC findings," is commonly seen in Social Security disability appeals. (DN 22, at PageID # 5964 (citing DN 13-1; *Cunningham v. County of Los Angeles*, 879 F.2d at 484 (9th Cir. 1988); *Plotecher v. Comm'r of Soc. Sec.*, 18-CV-10, 2019 WL 13213051, at *3 (W.D. Mich. Oct. 1, 2019))).

Atkins argues that although a "single fact specific argument" was used in the opening brief, it "does not mean that other potentially viable arguments were not considered and discarded during drafting and review of the opening brief." (DN 23, at PageID # 5972 (citing *Tillack v. Berryhill*, 15-CV-6306, 2017 WL 3976308, at *2 (W.D.N.Y. Sept. 11, 2017))). Indeed, she argues, "the fact specific nature of the argument supports spending time on a detailed review of the record to ensure that relevant facts are not missed . . . ." (DN 23, at PageID # 5972). Additionally, Atkins notes that engaging in a faster review would violate ethical attorney practice to thoroughly review the record in order to identify and preserve any viable issues. (DN 23, at PageID 5972-73 (comparing Maryland's Rules of Pro. Conduct in *Attorney Grievance Commission v. Moawad*, 257 A.3d 611 (Md. Ct. App. Aug. 11, 2021) with the Model Rules of Pro. Conduct (Am. Bar Ass'n)).

Upon review of the administrative record and counsel's itemized time record, the Court finds that counsel has not satisfied her burden to show that 59.5 hours was a reasonable amount of

time to spend on her representation in this matter. While the record in this case was voluminous, the resulting brief was not. The argument presented in this case was not complex, nor unusual. While Atkins argues that she had to thoroughly review the record in order to properly evaluate all claims, including those not used in the opening brief, 48.4 hours is an unreasonable time to review and create notes on the record given the low complexity of the resulting brief.

The Court finds that the number of hours credited to reviewing and writing notes on the record should be reduced by twenty hours, to 28.4 hours, resulting in the total attorney time spent on the case amounting to 39.5 hours. Accordingly, Atkins' fee award will be reduced by $2,800.00 (20.0 hours at $140.00/hour). While this reduction is not as low as the Commissioner requested, the Court believes this is a reasonable amount to account for both the large size of the administrative record and the lower complexity of the legal arguments.

### B. Paralegal Time: Clerical Work

The Commissioner argues that at least 6.8 hours of the requested paralegal time were spent on purely clerical tasks not compensable under the EAJA. (DN 22, at PageID # 5965 (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989); *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 651 (S.D. Ohio 2013)). Specifically, he argues against EAJA compensation for the hours spent receiving, reviewing, and processing files from the referral source; combining files, performing optical character recognition ("OCR") and bookmarking; and referral source correspondence. (DN 22, at PageID # 5965 (citing *Lay v. Astrue*, 10-346, 2012 WL 5988822, at *5-6 (E.D. Ky. Nov. 29, 2012) (unpublished); *Zupp o/b/o A.W.E.*, 14-CV-2545, 2016 WL 11509668, at *2-3 (S.D. Ohio Aug. 16, 2016); *Whitaker v. Kijakazi*, 21-CV-163, 2022 WL 3449474, at *3 (E.D. Ky. Aug. 17, 2022); *Miller v. Colvin*, 15-CV-501, 2016 WL 727180, at *1-2 (M.D. Pa. Feb. 19, 2016)). Atkins disagrees with the Commissioner's objection. (DN 23, at

PageID # 5974). Atkins argues that none of these tasks were listed in the unpublished *Lay* decision as support for classifying the tasks as clerical work and that the case, instead, lists tasks that are "nothing like" those listed here. (DN 23, at PageID # 5974 (citing *Lay v. Astrue*, 2012 WL 5988822)).

Atkins goes on to argue that receiving and reviewing files from the referral source is not "purely clerical because it requires a paralegal to understand what documents are important for the attorneys to review in order to determine whether the claimant has a viable appeal." (DN 23, at PageID # 5974). She elaborates that paralegals must "ensure all information intended to be sent by the referral source is received and readable, as well as prepare the documents for attorney review." (*Id.*). Atkins' paralegal also "ensures that all administrative appeals have been exhausted and calculates the filing deadline for the complaint." (*Id.*).

Courts in the Sixth Circuit have determined that receiving, reviewing, and processing files from the referral source is clerical work because it "does not require substantive legal knowledge and is more akin to 'receiving and filing correspondence.'" *Warren v. Kijakazi*, 21-CV-68, 2022 WL 16948563, at *4 (E.D. Ky. Nov. 15, 2022); *see also Renee S. v. Comm'r of Soc. Sec.*, 2024 WL 2701701, at *4 (S.D. Ohio May 23, 2024). This Court agrees: while the paralegal might need to know what documents are important for attorney review, the paralegal is not conducting the attorney review itself, nor does this task require legal knowledge as to *why* the documents are important for attorney review. Therefore, the 0.6 hours allotted to this task is not compensable under the EAJA.

As for combining, bookmarking, and applying OCR to a document "as large as" the administrative record here, Atkins argues it "is not a simple background clerical task." (DN 23, at PageID # 5975). Atkins justifies this by noting that the administrative record was "received in

multiple parts, each part having its own index." (*Id.*). When the document is combined for attorney review, "the original bookmarks from the segments must be remade requiring the paralegal to understand how an attorney reviews these records to ensure all time saving measures are applied accurately otherwise the reviewing attorney may be challenged in reviewing efficiency [sic]." (*Id.*). The paralegal's work and expertise "allowed the drafting attorney to review at a rate higher than the average adult." (*Id.*).

While Atkins cites to courts throughout the nation who support finding preparation of the record compensable under the EAJA (*Id.*, n. 1 (*see, e.g.*, *Howell v. Comm'r of Soc. Sec.*, 2024 WL 1815490 at *3 (W.D. Tex., Mar. 15, 2024)) (other citations omitted)), a court in the Sixth Circuit determined that combining files, performing OCR, and bookmarking is clerical work because it neither "require[s] legal knowledge [n]or is it an especially complex task or a task traditionally performed by an attorney." *Zupp v. Comm'r of Soc. Sec.*, 14-CV-2545, 2016 WL 11509688, at *3 (S.D. Ohio Aug. 16, 2016). This Court agrees with the Ohio District Court. These tasks may help promote efficient attorney review, but it is not attorney review, itself. Thus, the 5.9 hours credited to this task is not compensable under the EAJA.

Finally, Atkins argues that "correspondence with the referral source upon remand is critical to ensure the hearing representative knows the issues" because if they did not engage in this communication, "the case could end up in another federal court appeal for the very same issues." (DN 23, at PageID # 5975).

Our sister court held that referral source correspondence is not compensable under the EAJA. *Whitaker v. Kijakazi*, 21-CV-163, 2022 WL 3449474, at *3 (E.D. Ky. Aug. 17, 2022) (citing *Zupp v. Comm'r of Soc. Sec.*, 14-CV-2545, 2016 WL 11509688, at *2 (S.D. Ohio Aug. 16, 2016); *Miller v. Colvin*, 15-CV-501, 2016 WL 727180, at *1 (M.D. Pa. Feb. 19, 2016) ("The Court

concludes that all correspondence generated to or for the 'referral source' had no real connection to advancing Plaintiff's cause and are, thus, non-compensable.") (other citations omitted)). This Court is inclined to agree and holds that the 0.3 hours allotted to this task is not compensable.

The Court agrees with the Commissioner that the tasks listed above are clerical and therefore not compensable under the EAJA. The Court finds that the number of hours credited for paralegal work should be reduced from 10.9 hours to 4.1 hours. Accordingly, Atkins' fee award will be reduced by $680.00 (6.8 hours at $100.00/hour) for the clerical entries discussed above.

### C. Additional Time Drafting Reply

In her reply, Atkins argues that she should be compensated for the additional time she spent drafting her reply. (DN 23, at PageID # 5975 (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 157, 162 (1990) (all fee litigation is compensable))). Specifically, she requests 0.2 hours to review the Commissioner's response, 3.6 hours to research and draft the reply, 0.2 hours for senior attorney review of the reply, and 0.1 hours for implementing edits and finalizing the reply, for a total of 4.1 hours at a rate of $140.00 per hour. (DN 23, at PageID # 5975, *see* DN 23-1). The Commissioner has not challenged or sought leave to challenge Atkins' request for attorney hours associated with drafting her reply.

"A court may award fees for defending an EAJA award, including a reply brief." *Smith v. Comm'r of Soc. Sec.*, 14-CV-2571, 2015 WL 7774549, at *2 (N.D. Ohio Nov. 9, 2015) (citing *Rodriguez v. Astrue*, 2012 WL 2905928 (N.D. Ohio July 16, 2012)); *see Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491 (6th Cir. 2021). The Court finds the additional hours spent drafting her reply is reasonable and that Atkins may be compensated for an additional 4.1 hours at a rate of $140.00 per hour for her work. Accordingly, Atkins' fee award will be increased by $574.00.

IV. ORDER

For the above stated reasons, Banks' Counsel's Motion for Attorney Fees pursuant to 28 U.S.C. § 2412(d) (DN 19) is **GRANTED in part**. Banks' Counsel is to be paid a total of **$6,514.00** pursuant to 28 U.S.C. § 2412(d). This amount represents $410.00 in paralegal work (4.1 hours x $100.00) and $6,104.00 in attorney work, including the additional $574.00 awarded for time spent drafting her reply (4.1 hours x $140.00).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any fees paid belong to Plaintiff and not to his attorney, and therefore may be offset to satisfy pre-existing debt that the litigant owes the United States. If counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, the Commissioner shall direct that award be made payable to Atkins pursuant to an EAJA assignment duly signed by Plaintiff and Atkins.

**IT IS SO ORDERED.**

Copies:     Counsel of Record